Nash,, I.
 

 This is an- actions of' Detinue for a set of tun-tier’s tools. Both parties claimed under one Epperson.™ The bill
 
 of
 
 sale
 
 to the
 
 plaintiff was- assailed by. the defendant, upon the-ground, that it- was- obtained by-duress.. His Honor’s, charge upon this point has not; been complained qf- in the argument, here, and it certainly- was correct.™ The defence before us- has been, placed upon an objection, appearing on the face of the record. It is, that the articles sued for are not sufficiently set forth in the writ. The Court charged, that.all the witnesses spoke of them as the tools once owned by Burket, and, then in the defendant’s possession, and that they were sufficiently identified by the proofs. A verdict and judgment were rendered for the plaintiff, and the defendant appealed.
 

 
 *173
 
 If the case vested on the description of the tools, in the writ,, we should be at a loss how to decide the question; but we are relieved from that difficulty by the declaration, which sufficiently supplies any deficiency that may exist in it. In that the tools are described, as stated in t-he-evidence,
 
 “
 
 as the tools formerly owned by one Burket.”' In ihe action of Detinue, more certainty is required in setting forth the property demanded, than in an action of Trover, for the reason that, in the latter action, the plaintiff recovers, not the thing converted, but damages for the conversion ; whereas, the object in the former, is to recover the thing itself. It is necessary, therefore, that the thing detained should be capable of being specifically identified, or clearly distinguishable from the other property. Hence, it will not lie simply for money, though the amount be specified, nor for so much corn, because, under such descriptions, these things have no mark or quality, whereby they can be distinguished or known from any money or corn, whereby the Sheriff may be guided in delivering them to the plaintiff. But, if the money or corn is described, as set apart by itself, so as to be identified as the particular article sued for, — as being in a box or bag, Detinue will lie. Coke Lit. 286,
 
 Banks
 
 v
 
 Whitsborn,
 
 Croke Eliz, 467. Their being in a box or bag, is a sufficient description, without any description of the box or bag; their being- in such position, set apart from like articles, will carry with it the requisite certainty. So-Detinue will lie for. deeds, or other writings, if the. plaintiff can describe- them, though the;date- be- not' mentioned'. Buller’s N P; 50. Bacon’s Abr. title, Detinue. It is not necessary, therefore, that the articles sued for should be minutely described in every particular, but they must be capable of such a description as will,identify-them, and point them; out as the identical articles sued for. In this case, the declaration, which is ac
 
 *174
 
 cording to the testimony, describes fhe tools, as being the same formerly owned by one Burkett.” This description we think sufficient to distinguish them from any other set of turner’s tools in the possession of the defendant, as much as saying they were in a box, without describing the box.
 

 We see no error in the Judge’s charge, or deficiency in the record.
 

 Per Curiam. , Judgment affirmed.